JOHN LAPOINTE, Plaintiff in Error, v. ALPHEUS STEWART, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A non-resident landlord, who issues a distress warrant against a tenant, must give security for costs.
A commencement by distress, is a " case at law or equity," within the meaning of our statute, which requires a non-resident to give security for costs.

THIS was a proceeding by a distress warrant, which is in these words:

" *To Moses Hanks, of Cook County, Greeting:*

WHEREAS, John Lapointe, of Chicago, Cook County, is justly indebted to Alpheus Stewart, of New York, and John F. Temple, of Chicago, for the use of said Alpheus Stewart, in the sum of $309.00, three quarters' rent of the premises known as a portion of lot 2, B. 70, School Section Addition to Chicago, being that portion of said Lot No. 2, fronting west on Canal Street, in the city of Chicago, accruing from the first day of August, 1853. Now, therefore, I do hereby authorize you to make distress according to law, for said rent, of the goods and chattels of said John Lapointe, to be found in your county. In witness whereof, I have hereunto set my hand this 12th day of August, 1855.

(Signed,)                    ALPHEUS STEWART, Landlord,
                              By JOHN F. TEMPLE, his Agent.

Upon the return of the summons, the tenant appeared and filed an affidavit, showing that Stewart is a non-resident of this State, and thereupon entered his motion for security for costs, which motion was denied. A motion was also made to dismiss the proceeding, which assigned several reasons, which motion was also denied. The tenant then filed a plea, denying his indebtedness, and a notice of special causes of defense.

At October term, 1854, of the Cook County Court of Common Pleas, J. M. WILSON, Judge, presiding, the case was submitted to a jury, and there was a verdict and judgment for the landlord for the sum of $262.50. A motion for a new trial

was overruled. The tenant sued out this writ of error, assigning, among other errors, the refusal of the court below to dismiss the proceeding for want of security for costs.

H. F. WAITE, for Plaintiff in Error.

C. HAVEN, for Defendant in Error.

CATON, J.   No argument can make this warrant the authority of any one but Stewart, to levy the distress.   With his name alone it is signed by his agent, and for the purposes of this case, we shall assume that it was regularly issued by him as landlord, and certainly it was issued for his use alone.   The question then arises, whether this is a "case at law or equity," within the meaning of our statute, requiring a non-resident to give security for costs.   For the purpose of determining this question properly, it is necessary to recur to our Landlord and Tenant Act, under which this proceeding was instituted, the sixth section of which is as follows: "In all cases of distress for rent, the person making the same shall immediately file with some justice of the peace, in case the amount claimed does not exceed one hundred dollars, or with the clerk of the circuit court, in case it exceeds that sum, a copy of the distress warrant, together with an inventory of the property levied upon, and thereupon the party against whom the distress warrant shall have issued, shall be duly summoned, and the amount due from him, assessed and entered upon the records of the court finding the same. The said court shall certify to the person or officer making the same, the amount so found to be due, together with the costs of court, and the said officer shall thereupon proceed to sell the property so distrained, and make the amount so certified to him, and return the certificate so issued to him, with an indorsement thereon of his proceedings, which return and certificate shall be filed in the proper court."

At common law, undoubtedly, the landlord's warrant and the proceedings thereon, were in no sense a "case in law or equity," but this statute has essentially changed the rights and securities of the parties, or rather, the remedy in such a case.   Formerly the landlord proceeded entirely at his peril, with the right, it is true, to satisfy his demand for rent, provided any was due, but liable to be treated as a *tort feasor*, if he issued his warrant for . more than was due.   This statute has interposed, and so far abridged that right, that he cannot sell the tenant's property, even for the amount which is due, till he has first established his claim in a court of justice; but a correlative security is extended to the landlord, so that when he has thus established

his claim, it is conclusive in his favor that so much rent is due, for which he had a right of distress. The tenant could not afterwards sue him in trespass or replevin, and insist that there was not rent in arrear. The proceeding, provided by the statute, is, in every sense, a case in court. The landlord, or his bailiff, files his warrant with an inventory of the property levied upon, in court, and causes the tenant to be summoned into court to answer, whether there is not so much rent in arrear. An issue is found, although not by special pleading, but by the statute itself, which issue is tried, and a judgment is rendered in favor of the successful party. I say judgment, for this court has expressly so decided, and that an appeal might be taken from such judgment. To say, then, that this is not a case in court, is to deny the legal meaning of terms. This case is not only within the letter of the statute requiring security for costs, but it is especially within its object and intent. Costs are made not only to the officers of the court, but to the tenant, in case he succeeds, which the landlord is liable to pay, and there is as much propriety in requiring him to give security for costs, as in any other case which can be instituted in a court of justice. The court erred in overruling the motion to dismiss for want of security for costs, and the judgment must be reversed.

*Judgment reversed.*